**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

KIMBERLY ROSE, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.                                                                                  CIVIL ACTION NO. 3:26-0203

WEST VIRGINIA EMS TECHNICAL
SUPPORT NETWORK, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant West Virginia EMS Technical Support Network, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF 7, Def.'s Mot.). The Motion asks the Court to dismiss Plaintiff Kimberly Rose's action with prejudice. *See* Def.'s Mot. 1. For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**. The Court will dismiss Plaintiff's Complaint, but it will do so without prejudice.

**BACKGROUND**

The Fair Labor Standards Act (FLSA) requires employers to pay certain employees at least "one and one-half times the regular rate" at which they are employed if they work more than forty hours in a single week. 29 U.S.C. § 207. This requirement does not apply to "exempt" employees— employees who earn more than a set weekly rate. *See* 29 C.F.R. § 541.600(a) (2024). Before July 1, 2024, this rate was $684 per week. *See* 29 C.F.R. § 541.600(a) (2019). On July 1, 2024, the rate increased to $844 per week. *See* 29 C.F.R. § 541.600(a) (2024).

Ms. Rose was West Virginia EMS's employee from 2015 to 2024. *See* ECF 1, Ex. A, Compl. §§ 9, 15. Ms. Rose alleges that, while she was a West Virginia EMS employee, West Virginia EMS classified her as exempt from FLSA overtime requirements. *See id.* §§ 10, 18. She claims she was only paid $527.34 per week, and therefore should not have been considered exempt. *See id.* §§ 30–32.

Ms. Rose filed a class-action lawsuit in West Virginia state court. *See id.* § 7. She asserts West Virginia EMS, by classifying her as an exempt employee, was required to pay her the threshold wage for exemption from overtime requirements. *See id.* §§ 32. She argues West Virginia EMS's failure to pay her this wage violated the West Virginia Wage Payment and Collection Act (WPCA), *see id.* §§ 30, 33, which requires employers to pay employees their "wages due," W. Va. Code § 21-5-3.

After West Virginia EMS removed Ms. Rose's suit to federal court, *see* ECF 1, it filed its Motion to Dismiss, *see* Def.'s Mot.

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

## ANALYSIS

West Virginia EMS argues the Court should dismiss Ms. Rose's Complaint for two reasons: (1) "FLSA provides the exclusive remedy for her claims," ECF 8, Def.'s Mem. 4, and (2) "Plaintiff does not allege that she ever worked overtime or that she was ever paid less than the minimum wage," *id.* at 6. The Court addresses each argument in turn.

### A. FLSA Provides the Exclusive Remedy for Plaintiff's Claims

The Fourth Circuit has held that plaintiffs cannot use state-law causes of action to enforce FLSA requirements. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007). West Virginia EMS argues Ms. Rose is trying to do that here. *See* Def.'s Mem. 4–5.

Ms. Rose acknowledges that "FLSA preempts state claims where a plaintiff 'relyies [sic] on the FLSA for their rights . . . .'" ECF 9, Pl.'s Resp. 2 (quoting *Anderson*, 508 F.3d at 193). She argues her claim does not rely on FLSA because "[t]he WPCA independently requires employers to pay employees all wages due." *Id.* But at the same time, she asserts West Virginia EMS violated the WPCA because of FLSA's overtime requirements. *See id.* ("The minimum salary threshold in 29 C.F.R. § 541.600 defines the floor for what an exempt, salaried employee is . . . owed as a condition of that classification.").

Since Ms. Rose's claim is premised on FLSA's exempt-employee threshold, her claim relies on FLSA. Accordingly, federal law preempts her WPCA claim.

### B. Plaintiff Has Not Alleged Defendant Failed to Pay Her as FLSA Requires

As West Virginia EMS points out, the remedy for failing to pay an employee as required by 29 C.F.R. § 541.600(a) is "back pay for overtime and any hours worked by the employee at below" the $7.25 federal minimum wage. Def.'s Mem. 6 (collecting cases). But Ms. Rose's

Complaint never alleges West Virginia EMS failed to pay her extra for overtime or paid her less than $7.25 per hour.

Ms. Rose argues she is entitled to damages measured by the difference between the FLSA exemption threshold and what she actually earned. *See* Compl. § 30. She argues this damages measure is appropriate because she is proceeding under the WPCA, not FLSA. *See* Pl.'s Resp. 4.

The Court disagrees. The WPCA requires employers to pay employees their "wages due." Rose was not "due" the FLSA exemption threshold by virtue of West Virginia EMS classifying her as an exempt employee. Neither FLSA nor 29 C.F.R. § 541.600 requires an employer to pay an employee the overtime wage threshold because the employer categorized the employee as "nonexempt."

In her Response, Ms. Rose asserts West Virginia EMS had a "contractual[]" obligation to pay her the overtime wage threshold. Pl.'s Resp. 2. If true, West Virginia EMS may well have violated the WPCA. But Ms. Rose's Complaint does not allege that compensation above or equal to the FLSA overtime wage threshold was a term of Rose's employment contract.

## C.  The Court Will Dismiss Plaintiff's Claim Without Prejudice

West Virginia EMS asks the Court to dismiss Ms. Rose's Complaint with prejudice. *See* Def.'s Mot. 1; Def.'s Mem. 1. "[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (emphasis in original omitted) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)); *see also Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires

that plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990))).

West Virginia EMS has not explained why dismissal with prejudice is warranted, and it is entirely possible that Ms. Rose could allege facts, consistent with those already pled, that would demonstrate a plausible entitlement to relief. Accordingly, the Court will dismiss Rose's claim without prejudice.

**CONCLUSION**

The Court **GRANTS in part** and **DENIES** the Motion **in part** West Virginia EMS's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF 7). The Court **DISMISSES** Ms. Rose's Complaint **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    April 13, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE